UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

FEDERAL TRADE COMMISSION

               Plaintiff,                           **ANSWER AND**
                                                              **AFFIRMATIVE DEFENSES**

                  -against-

                                                    12-CV-7189 (PAE)

PCCare247 Inc., et al.

                   Defendants.

—————————————————————

      Defendant Navin Pasari, through his attorneys, Harris, O'Brien, St. Laurent &
Houghteling LLP, answers the Complaint filed September 24, 2012 (the "Complaint") of
Plaintiff Federal Trade Commission and submits affirmative defenses, as follows:

      1.      This paragraph states relief sought by Plaintiff and does not require a response.

      2.      This paragraph is a statement of Plaintiff's basis for jurisdiction and does not
require a response.

      3.      This paragraph is a statement of Plaintiff's basis for venue and does not require a
response.

      4.      Admitted that Plaintiff is an agency of the United States government.  The
remainder of the paragraph is an assertion of the Plaintiff's right to enforce a statute and does not
require a response.

      5.      This paragraph is a statement of Plaintiff's authority and does not require a
response.

6.      Admitted that PCCare247 Inc. ("PCCareUSA") is a New York corporation. Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the remaining allegations as to PCCareUSA.

7.      Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Defendant PC Care 247 Solutions Private Limited.

8.      Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Defendant Connexxions Infotech Inc.

9.      Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Defendant Connexxions IT Services Private Limited.

10.     Admitted only to the extent Defendant Navin Pasari believes Vikas Agrawal is or was a Director of PCCareUSA, and resides in India.  Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the remaining allegations as to Vikas Agrawal.

11.     Admitted that Defendant Navin Pasari was a 3.8% shareholder of PCCareUSA, and that he resides in New York, New York.  Otherwise denied, except to the extent that the allegations call for a legal conclusion as to which no response is required.

12.     Admitted only to the extent Defendant Navin Pasari believes Anuj Agrawal is or was a Director of PCCareUSA, and resides in India.  Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the remaining allegations as to Anuj Agrawal.

13.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Defendant Sanjay Agarwalla.

14.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the  allegations as to Defendant Parmeshwar Agrawal.

15.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies the allegations to the extent they relate to him.

16.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies the allegations to the extent they relate to him except for his limited participation in PCCareUSA to which he has already testified before the Court. To the extent the allegations call for a legal conclusion, no response is required.

17.     The paragraph puts forth a legal conclusion and does not require a response.

18.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies the allegations to the extent they relate to him.

19.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

20.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

21.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

22.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

23.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

24.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

25.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

26.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

27.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

28.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

29.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

30.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

31.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

32.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

33.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

34.     The paragraph is improperly pleaded and groups together all Defendants. Defendant Navin Pasari denies any personal wrongdoing, and is otherwise without sufficient knowledge or information to admit or deny the allegations.

35.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the  allegations as to Vikas Agrawal, except as stated above in response to paragraph 10.

36.     Admitted that Defendant Navin Pasari is a 3.8% shareholder of PCCareUSA.  Mr. Pasari has already testified before this Court as to his role with merchant processing accounts and communications with payment processors.  Otherwise denied.

37.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Anuj Agrawal, except as stated above in response to paragraph 12.

38.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Sanjay Agarwalla.

39.     Defendant Navin Pasari is without sufficient knowledge or information to admit or deny the allegations as to Parmeshwar Agrawal.

40.     This paragraph asserts a legal conclusion and requires no response.

41.     This paragraph asserts a legal conclusion and requires no response.

42.     Denied as to Defendant Navin Pasari.

43.     Denied as to Defendant Navin Pasari.

44.     Denied as to Defendant Navin Pasari.

45.     Denied as to Defendant Navin Pasari.

46.     Admitted that Defendant Navin Pasari is not from or affiliated with a "well-known" computer company.

47.     Denied as to Defendant Navin Pasari.

48.     Denied as to Defendant Navin Pasari.

49.     The paragraph puts forth a conclusion of law and requires no response.

With respect to the "Prayer For Relief" section of the Complaint, Defendant Navin Pasari reasserts the responses above and the affirmative defenses below and denies that Plaintiff is entitled to any relief as to him.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Defendant Navin Pasari for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs improperly groups all Defendants and Defendant Navin Pasari together in their pleading.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are inaccurate as to Defendant Navin Pasari, who engaged in no deceptive conduct and made no deceptive representations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Navin Pasari acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Navin Pasari acted without any knowledge of wrongdoing.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Pasari had no authority or control over any of the Defendant corporations.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are defective as to Defendant Navin Pasari because Plaintiff cannot demonstrate the required mental state or knowledge.

### RESERVATION OF RIGHTS

Defendant Navin Pasari hereby gives notice that he intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to assert such additional defenses.

**WHEREFORE**, the Defendant Navin Pasari hereby requests that the Court grant the following relief:

(i)     Dismissing Plaintiffs' Complaint against Defendant Navin Pasari with prejudice;

(ii)    Awarding Defendant Navin Pasari costs and disbursements incurred in this suit;

(iii)   Awarding Defendant Navin Pasari attorneys' fees to the full extent permitted by law; and

(iv)    Granting Defendant Navin Pasari such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 26, 2012

                                HARRIS, O'BRIEN, ST. LAURENT &
                                HOUGHTELING, LLP


                                By:     //s/ Jonathan Harris
                                        Jonathan Harris, Esq.
                                        Julie Withers, Esq.
                                        111 Broadway, Suite 402
                                        New York, New York 10006
                                        Tel.: (212) 397-3370

                                        *Attorneys for Defendant Navin Pasari*