# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ ) | Civil Action No. 12-CIV-7189 (PAE) |
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
|      Plaintiff, ) | |
| v. ) | |
| ) | |
| PCCare247 Inc. et al. ) | |
| ) | |
|      Defendants. ) | |
| _____ ) | |

## PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PERMISSION TO SERVE THE DEFENDANTS LOCATED IN INDIA THROUGH ALTERNATIVE MEANS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

### INTRODUCTION

The Federal Trade Commission ("FTC") respectfully requests that the Court, pursuant to

Federal Rule of Civil Procedure 4(f)(3), authorize the FTC to serve Defendants Vikas Agrawal,

Anuj Agrawal, Parmeshwar Agrawal, PC Care247 Solutions Pvt. Ltd., and Connexxions IT

Services Private Limited ("Defendants") with documents other than the Summons and the

Complaint,[1] through alternative means, including email, social networking sites, and by

_____

[1] At this time, the FTC is not asking the Court to authorize it to serve the Complaint and Summons through alternative means because the FTC has followed the procedures provided for in Articles 3 and 5 of the Hague Service Convention to serve the documents on the Defendants. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), [1969] 20 U.S.R. 361, T.I.A.S. No. 6638. Should the Indian Central Authority fail to serve the Defendants, Article 15 of the Hague Service Convention permits a court to enter a judgment against a defendant where: (1) the documents to be served were transmitted by one of the methods provided for in the Hague Service Convention; (2) a period of time not less than 6 months has elapsed since the date of the transmission of the documents; and (3) despite reasonable efforts to obtain it, no certificate of service has been received.

publication.[2]

The FTC filed this action on September 24, 2012, alleging that the Defendants violated Section 5 of the FTC Act by deceiving consumers into purchasing their computer security or technical support services.  Concurrently, the FTC sought, and the Court granted, a temporary restraining order, which froze the Defendants' assets and thwarted the Defendants' illegal practices.  The FTC, in accordance with Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention submitted the Complaint, Summons, and related documents to the Indian Central Authority for service on the Defendants on September 27, 2012.  To ensure the Defendants received timely notice of this litigation, the FTC also: (1) emailed the  documents to the Defendants; (2) sent the documents to each Defendant via FedEx; and (3) hired a process server in India to serve personally the Defendants with the documents.[3]  Although the FTC received confirmation that the request sent to the Indian Central Authority was delivered via FedEx, the Indian Central Authority has not responded to e-mail or phone inquiries regarding the status of our request for service, nor has the FTC received any confirmation of service upon any of the Defendants.

On October 24, 2012, Mr. Jack Wenik entered an appearance on behalf of the Defendants.  On November 5, 2012, Mr. Ullman entered an appearance on behalf of the Defendants.  Both attorneys represented the Defendants in a hearing to show cause why a Preliminary Injunction should not issue.  On November 16, 2012 the Court issued a preliminary

---

[2] The other defendants in this case, PCCare247 Inc., Connexxions Infotech Inc., Sanjay Agarwalla, and Navin Pasari are located in the United States and the FTC served them with the Complaint and Summons in accordance with Rule 4 of the Federal Rules of Civil Procedure.  The FTC will continue to serve those defendants with subsequent documents pursuant to Rule 5 of the Federal Rules of Civil Procedure.  Vikas Agrawal was served in the United States with a copy of the Summons and Complaint on November 12, 2012.

[3] FedEx confirmed delivery for most defendants by October 4, 2012.  A process server in India served Defendants Vikas Agrawal, Connexxions IT Services Pvt Ltd, PC Care247 Solutions Pvt. Ltd. on September 27, 2012.  A process server in India served Defendants Anuj Agrawal and Parmeshwar Agrawal on October 4, 2012.

injunction against the Defendants, which released certain assets from the asset freeze so the Defendants could pay attorneys and accountant fees.  The Defendants, located in India, refused to pay their attorneys and did not otherwise comply with the terms of the Preliminary Injunction, resulting in the withdrawal of Mr. Wenik and Mr. Ullman.  The Defendants now are unrepresented by counsel.

Absent the Court's intervention, the FTC may be required to serve all subsequent documents on the Defendants in accordance with the Hague Convention.[4]  A court order authorizing the FTC to serve the Defendants through alternative means would enable the FTC to avoid the Hague Convention's time-intensive procedures and continue expeditiously with its case against the Defendants.

<u>LEGAL ANALYSIS</u>

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, a plaintiff may serve a foreign defendant by alternative methods, as long as the means are directed by the court and are not prohibited by an international agreement.  The methods of service must also comport with due process and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Madu, Edozie & Madu, P.C. v. Socketorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citing *Leussenhop v. Clinton County, N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006) (citations omitted));  *See also, Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

---

[4] Although there are some cases that permit service of non-case initiating documents under Rule 5, Article 1 of the Hague Convention applies in civil or commercial cases "where there is occasion to transmit a judicial document for service abroad."  *See S.E.C v. Credit Bankcorp., Ltd.*, No. 99 Civ. 11395 (RWS), 2011 WL 666158, at * 4 (S.D.N.Y. Feb. 14, 2011); *S&S Machinery Corp., v. Wuhan Heavy Duty Machine Tool Group Co.*, 2012 WL 958528, at * 6 (E.D.N.Y. Jan. 13, 2012), adopted by *S&S Machinery Corp., v. Wuhan Heavy Duty Machine Tool Group Co.*, 2012 WL 958527 (E.D.N.Y. Mar. 21, 2012).  In light of any potential ambiguity in the Hague Convention's scope, the FTC in an abundance of caution requests that the court authorize service upon the Defendants through alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). The FTC intends to serve the Defendants through the means provided in Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure as well.

Rule 4(f)(3) provides the Court and the parties with broad flexibility in obtaining service in unanticipated or exigent circumstances, particularly when a service convention does not offer an appropriate or timely means of service. Service under this subsection is neither a last resort nor extraordinary relief, but merely one of several ways to serve process on an international defendant. *United States v. Lebanese Canadian*, 285 F.R.D. 262, 265-66 (S.D.N.Y. 2012). Parties are not required to attempt service of process by way of any of the other methods enumerated in Rule 4(f) before asking the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014–15. Some courts in the Second Circuit, however, require a plaintiff to show that it made attempts to serve the defendant in accordance with the Hague Service Convention and that the circumstances are such that the court's intervention is necessary. *Madu*, 265 F.R.D. at 115-16. The decision whether to authorize service under Rule 4(f)(3) is left to the sound discretion of the court. *Lebanese Canadian,* 285 F.R.D. at 266.

Here, the methods of service proposed by the FTC are not prohibited by international agreement and they comport with due process. Furthermore, the FTC's attempted service of the Summons and Complaint pursuant to the Hague Service Convention has been pending for nearly five months, which further justifies the court's intervention.

1. **The FTC proposes serving the Defendants through email, social networking websites, and, as a last resort, publication – none of which are prohibited by international agreement.**

The United States and India are signatories to the Hague Service Convention.[5] Article 2 of the Hague Service Convention requires all judicial documents in civil matters to be served through a Central Authority. *See* Hague Service Convention, Art. 2. Article 10, however, allows for service of process through means other than the signatory's Central Authority as long as the

---

[5] The Hague Conference on Private International Law maintains a list of signatories *available at http://www.hcch.net/index_en.php?act=conventions.status&cid=17.*

destination state does not object to those means.  Hague Service Convention, Art. 10.

Specifically, Article 10 allows for service through postal channels or through judicial officers or

officials in the destination state.  *Id.*  India objects to each method of service permitted under

Article 10.[6]  India's objections to alternative means of service, however, are limited to those

specifically described in Article 10.  *Gurung v. Malhotra*, 279 F.R.D. 215, 219-20 (S.D.N.Y.

2011).  Thus, the Court is free to order alternative means of service not explicitly stated in

Article 10.  *Id.*

The methods proposed by the FTC are not specified in Article 10.  Indeed, Article 10

does not mention service by electronic mail and courts have permitted plaintiffs to serve

defendants by email in countries that object to Article 10.  *Gurung*, 279 F.R.D. at 220 (India's

"objection to service through postal channels does not amount to an express rejection of service

via electronic mail"); *Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2

(N.D.Cal. Apr. 17, 2007) (permitting service by electronic mail for defendants in countries that

objected to Article 10 of the Hague Convention); *MacLean-Fogg Co. v. Ningbo Fastlink

Equipment Co., Ltd*. 2008 WL 5100414 (N.D.Ill., Dec. 1, 2008) (permitting service by electronic

mail for defendants in countries that objected to Article 10); *But see Agha v. Jacobs*, 2008 WL

2051061 (N.D.Cal May 13, 2008).[7]

---

[6] *See* Declarations, Reservations, Hague Conference on Private International Law, *available at*
http://www.hcch.net/index_en.php?act=status.comment&csid=984&disp=resdn

[7] In *Agha*, the plaintiff sought the court's permission to serve the defendants with the summons and complaint
through email and fax.  The defendants were located in Germany, which is a signatory to the Hague Convention and
objects to Article 10.  At the time of the request, the plaintiff had not previously attempted service pursuant to the
Hague Convention.  Although the court acknowledged that in some circumstances service through email and fax
could be proper, the court denied the plaintiff's request.  Unlike the facts in *Agha*, the facts before the Court justify
service through email.  As discussed below, the FTC has attempted to serve the Defendants through the Hague
Convention to no avail, the Defendants regularly communicate through email, and judicial efficiency and the public
interest mandate efficient resolution of this matter, which can be accomplished through service by email.

Likewise, Article 10 does not address service through social media websites and consequently India has not objected to this form of service.  Finally, Article 10 does not address service by publication and India has not objected to service by publication.  *Gurung*, 279 F.R.D. at 217.  In addition, the FTC is unaware of any other international treaty that would preclude these methods of service.

> **2.  The proposed methods of service are reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections.**

The proposed methods of service, particularly service through email and social networking websites, are not only permissible, but also are the most likely to provide the Defendants with notice of future filings and thus comport with due process.  For instance, the Defendants have used email to communicate with consumers, the FTC,[8] and other third parties. *See e.g.,* Plaintiff's Memorandum in Support of TRO and PI, Ex. 6; Ex. 14, Att. A; Ex. 27, Att. J. And, although the Defendants have used an array of email addresses, the FTC believes it has at least one valid email address for each of the individual Defendants.  Furthermore, Vikas Agrawal, Parmeshwar Agrawal, and Anuj Agrawal have Linkedin pages, which allow third parties to send messages directly to them.  Similarly, all three Defendants have Facebook pages by which the FTC could serve the Defendants.[9]

---

[8] On at least 2 occasions, Defendant Vikas Agrawal sent emails to FTC counsel.

[9] In *Fortunato v. Chase Bank USA, N.A.*, 2012 WL 208650 (S.D.N.Y. June 7, 2012), the Court denied the plaintiff's request to serve the defendant through Facebook.  There, the court noted that the plaintiff did not give the court a degree of certainty that the Facebook profile the plaintiff wanted to serve was in fact maintained by the defendant or that the email addresses listed on the Facebook profile were operational or accessed by the defendant.  Unlike the facts before the court in *Fortunato*, the FTC verified that the e-mail addresses associated with Vikas Agrawal, Parmeshwar Agrawal, and Anuj Agrawal's Facebook pages are in fact the Defendants' email addresses.  *See* FTC's Memorandum of Law in Support of its Emergency Motion for an Ex Parte Temporary Restraining Order and Other Equitable Relief ("Memorandum in Support of TRO"), Ex. 27, Att. Y.  Moreover, the email addresses listed are used by the Defendants.  Memorandum  in Support of TRO, Ex. 27, Atts. B, V; FTC's Consolidated Reply in Support of its Application for a Preliminary Injunction and Response in Opposition to Certain Defendants' motion to Dismiss for Lack of Jurisdiction, Ex. 31, ¶ 9.

Because of the possibility, albeit unlikely, that the FTC is unable to serve the Defendants through email or social networking websites, the FTC is also asking the Court to authorize it to serve the Defendants by publication. Courts in this circuit have found service by publication to comport with due process where the defendant already has actual notice of the litigation. *See Gurung*, 279 F.R.D. at 220-21. Thus, the proposed methods of service are reasonably calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to respond.

### 3. The FTC has already attempted service through the Hague Convention to no avail and the Court should intervene so the FTC can expeditiously proceed with this case.

In order to serve the Defendants with the Summons and Complaint, the FTC, pursuant to Federal Rules of Civil Procedure 4(f)(1) and 4(h), followed the procedures of the Hague Convention and submitted the Complaint, Summons, and related documents to the Indian Central Authority on September 27, 2012. The package was delivered to the Indian Central Authority on October 1, 2012. To the FTC's knowledge, the Central Authority has not yet served the Defendants. Moreover, the Central Authority has not responded to the FTC's inquiries regarding the status of the service.

Because the Defendants now are unrepresented by counsel,[10] unless the Court authorizes the FTC to serve all subsequent documents on the Defendants through alternative means, the FTC may be required to serve the Defendants pursuant to the Hague Convention, which will

---

[10] On October 24, 2012, attorney Jack Wenik entered an appearance on behalf of the Defendants. [DE 35]. Attorney Marc Ullman entered an appearance on behalf of the Defendants on November 5, 2012. [DE 51]. Once Mr. Wenik and Mr. Ullman entered the case, under Rule 5 of the Federal Rules of Civil Procedure, all filings could be served on them, in the United States. On January 2, 2013, Mr. Wenik filed a motion to withdraw, which Mr. Ullman joined by letter to the Court. [DE 76, 80]. The FTC did not object to the motion, which the Court granted on January 14, 2013. [DE 81].

likely result in tremendous delay.[11]  Authorizing service under Rule 4(f)(3) is appropriate where, as here, the Hague Convention will not permit service within the time required by the circumstances.  *Richmond Technologies, Inc., v. Aumtech Bus. Solutions*, 2011 WL 2607158 (N.D. Cal. July 1, 2011) (authorizing service through Rule 4(f)(3) where service through the Hague Convention would take 6-8 months).  It has been almost 5 months since the FTC submitted the Summons and Complaint to the Indian Central Authority to serve the Defendants pursuant to the Hague Convention.  To avoid future undue delay, the Court's intervention and authorization allowing the FTC to serve the Defendants through alternative means is necessary to proceed expeditiously with this case.

## CONCLUSION

The FTC's proposed methods of service are not prohibited by international agreement and are reasonably calculated to apprise the defendants of the pendency of this action.  Moreover, it has been nearly 5 months since the FTC attempted to serve the Defendants through the Hague Convention.  Thus, the Court's intervention is necessary to enable this case to proceed in a timely manner.

Respectfully submitted,


Dated:  February 11, 2012                        David C. Shonka
                                                Acting General Counsel

                                                 /s/ Christine M. Todaro____
                                                Christine M. Todaro, OH Bar #0084976
                                                Colleen B. Robbins, SDNY Bar #CB5086
                                                Kelly Horne, CA Bar #242675
                                                Benjamin R. Davidson, DC Bar #975509
                                                Federal Trade Commission

---

[11] Although Rule 4 is primarily concerned with service of process, courts may use Rule 4's mechanisms to serve judicial documents, such as a default judgment, on foreign defendants. Cf.  *S.D.N.Y. Clerk's Office Foreign Mailing Instructions* at 1, *available at*  http://www.nysd.uscourts.gov/file/forms/foreign-mailing-instructions/.

600 Pennsylvania Ave. NW
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-3711; ctodaro@ftc.gov
(202) 326-3031; khorne@ftc.gov
(202) 326-3055; bdavidson@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CERTIFICATE OF SERVICE

I, Christine Todaro, certify that on February 11, 2013, the foregoing PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PERMISSION TO SERVE THE DEFENDANTS LOCATED IN INDIA THROUGH ALTERNATIVE MEANS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) Was filed and served using the Court's CM/ECF system.

I further certify that on this same date, a true and correct copy of the foregoing was served, via email and/or overnight mail to the following non-ECF participants:

Vikas Agrawal
Anuj Agrawal
Parmeshwar Agrawal
PCCare247 Inc.
Connexxions Infotech Inc.
PCCare247 Solutions Pvt. Ltd.
Connexxions IT Services Pvt. Ltd.


/s/ Christine M. Todaro
Christine M. Todaro

10